# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHAEON O. GODWIN,
                Appellant,

         v.

SOCIAL SECURITY
   ADMINISTRATION,
                Agency.

DOCKET NUMBER
AT-0752-16-0209-I-1

DATE: November 28, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1*]

Shaeon O. Godwin, Deerfield Beach, Florida, pro se.

Natalie Liem and Richard H. Winters, Atlanta, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal for failure to follow management directives and conduct unbecoming a Federal employee. For the reasons set forth below, the appellant's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

¶2        The agency removed the appellant from her position as a GS-4 Claims Assistant based on charges of conduct unbecoming a Federal employee and failure to follow management directives.  Initial Appeal File (IAF), Tab 1 at 2-3, Tab 9 at 73-78.  She appealed her removal to the Board, disputing the agency's charges and alleging harassment and discrimination based on race.  *Id.* at 3.  The appellant did not request a hearing.  *Id.* at 2.

¶3        Based on the party's written submissions, the administrative judge issued an initial decision affirming the appellant's removal.  IAF, Tab 25, Initial Decision (ID).  The initial decision, issued on July 18, 2016, informed the appellant that any petition for review must be filed with the Board by August 22, 2016, or, if the appellant proved that she received the initial decision more than 5 days after the date it was issued, then she could file a petition for review within 30 days of the date that she received the initial decision.  ID at 18.

¶4        The appellant filed a petition for review of the initial decision, which the Board received on September 6, 2016.  Petition for Review (PFR) File, Tab 1.  In a September 8, 2016 acknowledgment letter, the Clerk of the Board (Clerk) informed the appellant that her petition for review appeared to be untimely filed and afforded her the opportunity to file a motion to accept the filing as timely and/or waive the time limit for good cause.  PFR File, Tab 2.  The Clerk further informed the appellant of the requirements for filing the motion and indicated that it must be postmarked, if mailed, or sent by facsimile on or before September 23, 2016.  *Id.*  On September 23, 2016, the appellant faxed a document to the Board requesting an extension and stating that she had not been receiving her mail in a timely manner, that her attorney had withdrawn from her case without telling her, and that she did not know that she could ask for an extension.  PFR File, Tab 3 at 2.  The Board granted the appellant an extension, allowing her until October 7,

2016, to file a motion to accept her petition for review as timely filed or to waive the time limit. PFR File, Tab 4. The appellant, however, did not file anything further with the Board. The agency has responded in opposition to the appellant's petition for review, arguing that it should be dismissed as untimely filed without good cause shown or, alternatively, for failing to meet the standards for obtaining review. PFR File, Tab 5 at 4.

¶5    A petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. 5 C.F.R. § 1201.114(e). Here, the Board received the appellant's petition for review of the July 18, 2016 initial decision on September 6, 2016—more than 2 weeks after the August 22, 2016 filing deadline. PFR File, Tab 1 at 1. Although the appellant alleged mailing delays in connection with the Board's September 8, 2016 acknowledgment letter, PFR File, Tab 3 at 2, she has not alleged that she did not timely receive the initial decision. Therefore, the appellant's petition for review is untimely filed.

¶6    The Board will waive the time limit upon a party's showing of good cause for the delay in filing. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 4 (2014). To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Id.*; *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Palermo*, 120 M.S.P.R. 694, ¶ 4.

¶7        As noted above, the appellant alleges that her attorney withdrew from her case without informing her and appears to contend that this precluded her from filing a timely petition for review. PFR File, Tab 3 at 2. However, an appellant's inability to retain an attorney does not justify a delay in filing a petition for review. *Perry v. Department of the Navy*, 56 M.S.P.R. 159, 161 (1992), *aff'd*, 6 F.3d 787 (Fed. Cir. 1993) (Table). Furthermore, an appellant remains personally liable for the timely prosecution of her appeal, and a representative withdrawing does not demonstrate good cause for an untimely filing. *DeGraaff v. Department of the Navy*, 55 M.S.P.R. 343, 346 (1992). Therefore, we find that the appellant's allegations regarding her attorney do not demonstrate good cause for waiving the filing deadline.

¶8        The appellant also alleges that she has been suffering from emotional stress, physical ailments, and hypertension. PFR File, Tab 1 at 2, Tab 3 at 2. Insofar as the appellant seeks to rely on her illness to show good cause for her untimely petition for review, she must demonstrate that she was unable to file her petition due to illness or mental or physical incapacity. *Coleman v. U.S. Postal Service*, 91 M.S.P.R. 469, ¶ 5 (2002). To establish that an untimely filing was the result of an illness, a party must do the following: (1) identify the time period during which she suffered from the illness; (2) submit medical evidence showing that she suffered from the alleged illness during that time period; and (3) explain how the illness prevented her from timely filing her appeal or a request for an extension of time. *Id.* Here, the appellant has not explained how any of her conditions prevented her from filing her petition for review on time or from timely requesting an extension. PFR File, Tabs 1, 3; *see Williams v. Office of Personnel Management*, 109 M.S.P.R. 237, ¶ 10 (2008) (finding that an appellant with hypertension and other ailments failed to meet standards for good cause because he did not allege, among other things, how his ailments prevented him from

timely filing his petition for review). Therefore, we find that the appellant has failed to establish good cause for her filing delay based on illness.

¶9 Accordingly, we dismiss the appellant's petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the removal appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems*

*Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for

                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.